**PETERS v. MUTUAL LIFE INS. CO. OF NEW YORK.**

**No. 6323.**

Circuit Court of Appeals, Third Circuit.

Sept. 27, 1937.

Welles, Mumford, Stark & McGrath and Charles M. Welles, all of Scranton, Pa., for appellant.

Frederick L. Allen, of New York City, and Edward W. Warren and O'Malley, Hill, Harris & Harris, all of Scranton, Pa., for appellee.

Before THOMPSON and BIGGS, Circuit Judges, and DICKINSON, District Judge.

THOMPSON, Circuit Judge.

This is an appeal from a judgment of the District Court for the Middle District of Pennsylvania. The appellee, Mutual Life Insurance Company of New York, hereinafter called the Company, issued a life insurance policy to the appellant on October 18, 1928. The appellant paid the annual premium of $304.20 up to and including October 18, 1930. The policy was therefore in full force and effect until October 18, 1931, and, in accordance with its terms, for a grace period of 31 days thereafter. On October 9, 1931, the appellant presented the policy to the Company's district manager at Stroudsburg, Pa., told him that he had become totally and permanently disabled September 13, 1931, and requested blank forms for proof of disability. He was instructed by the district manager to present himself for examination to two named physicians. He acted in compliance with that instruction, and, after examination, they informed him that he was totally disabled by reason of a heart condition. The appellant reported this to the district manager on November 17, 1931,

which was within the grace period, and again asked for blank forms which were promised but not provided him. On February 22, 1932, still within six months of the premium date, the appellant wrote a letter to the district manager and asked him to look after the waiver of premium and disability benefits. On April 13, 1932, the appellant gave the Company written notice of his total and permanent disability. The proposed second supplemental amended statement of claim sets out substantially the same facts, although in somewhat greater detail.

The District Court held that the allegations as to "due proof" were insufficient to comply with the policy provisions. We think the appellant has sufficiently pleaded the giving of due proof to the company in the second supplemental amended statement of claim to entitle him to present his evidence to a jury. Upon the trial of the cause it will, of course, be essential that the appellant present admissible evidence that he gave due proof properly verified to an authorized agent of the Company that he was totally and permanently disabled within the meaning of the policy provisions in order to entitle him to collect disability benefits.

The judgment of the District Court is reversed, and the cause remanded, with directions to reinstate the second supplemental amended statement of claim and to proceed in accordance with this opinion.